**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nikola Corporation,<br><br>             Plaintiff,<br><br>v.<br><br>EMBR Motors Incorporated, et al.,<br><br>             Defendants. | No. CV-24-00690-PHX-DWL<br><br>**ORDER** |

On March 28, 2024, Plaintiff Nikola Corp. ("Plaintiff") initiated this action by filing the complaint. (Doc. 1.) Five defendants are named in the complaint: (1) EMBR Motors, Inc. ("EMBR"); (2) Trevor R. Milton ("Milton"); (3) M&M Residual, LLC ("M&M"); (4) Cole Cannon ("Cannon"); and (5) David "Dave" Sparks ("Sparks"). (*id.*)

On April 1, 2024, Plaintiff filed a motion for preliminary injunction (Doc. 13) and a motion for expedited discovery (Doc. 14). That same day, Plaintiff filed proof that four of the five defendants (EMBR, Milton, M&M, and Cannon) had been served with the summons and complaint. (Docs. 8, 9, 10, 12.)

On April 3, 2024, the Court issued an order providing as follows:

> The Court has reviewed Plaintiff's motion for expedited discovery (Doc. 14) and concludes that Defendants should be given an opportunity to be heard before the motion is resolved. Accordingly, IT IS ORDERED that Plaintiff shall serve its motion for expedited discovery, its motion for preliminary injunction, and this order upon Defendants at the same time that the complaint and summons are served, if possible, or at any rate as soon as possible. Proof of service shall be filed within one business day of effecting

>service. Each Defendant's response to the motion for expedited discovery is due within 7 days of service, and any reply must be filed within three days (excluding weekends) of the response.

(Doc. 15.)

On April 5, 2024, Plaintiff's counsel filed a declaration of service. (Doc. 16.) In this declaration, counsel avowed that by April 3, 2024, four of the defendants (EMBR, Milton, M&M, and Cannon) has been mailed the motion for expedited discovery, the motion for preliminary injunction, and the April 3, 2024 order. (*Id.*) Counsel further avowed that the fifth defendant (Sparks) had not yet been served with the summons, complaint, or any of the other documents at issue. (*Id.*)

On April 11, 2024, two of the defendants (Milton and M&M) filed a response in opposition to the motion for expedited discovery. (Doc. 21.)

On April 16, 2024, Plaintiff filed a reply indicating the withdrawal of its request for expedited discovery as to Milton and M&M. (Doc. 24.) Plaintiff clarified that this request was being withdrawn "based on recent developments, including but not limited to, the voluntary cessation of the Milton Proxy Contest described in the Complaint." (*Id.* at 1-2.) Plaintiff also clarified that its motion for expedited discovery was not being withdrawn and "remains outstanding as to the remaining defendants." (*Id.* at 2.)

Also on April 16, 2024, Plaintiff's counsel filed a declaration that provides an update as to Plaintiff's efforts to serve Sparks. (Doc. 23.) In a nutshell, the declaration indicates that the summons and complaint were mailed to Sparks via certified mail and were "accepted and signed for on April 1, 2024"; that the motion for expedited discovery and the Court's April 3, 2024 were mailed to Sparks; and that Sparks has not yet been served with process under Rule 4. (*Id.*)

Given this backdrop, the Court will proceed as follows with respect to the motion for expedited discovery. As it applies to Milton and M&M, the motion is denied as moot.

As for EMBR and Cannon, the Court held that each defendant's response to the motion for expedited discovery was "due within 7 days of service." (Doc. 15.) Plaintiff

has now filed proof that the motion for expedited discovery was served on EMBR and Cannon on April 3, 2024. (Doc. 16.)[1] Thus, those defendants' responses were due by April 10, 2024. *See* Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing."). Because that deadline has now expired with no response by EMBR or Cannon, the Court will summarily grant the motion as those defendants pursuant to LRCiv 7.2(i), which provides that if an "unrepresented party or counsel does not serve and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." The only caveat is that two categories of expedited discovery requested in Plaintiff's motion (issuing subpoenas duces tecum to non-party director nominees Paul Southam, Derek Johnson, and Hans Peterson and then deposing those individuals) seem to be related solely to Plaintiff's allegations regarding the "Milton Proxy Contest." Because that contest is no longer in the works, according to Plaintiff's most recent filing, it is unclear why those forms of expedited discovery are still necessary. Accordingly, the Court will not summarily authorize those forms of expedited discovery. If Plaintiff still seeks those forms of expedited discovery notwithstanding the cessation of the Milton Proxy Contest, Plaintiff is free to file a renewed motion explaining why.

Finally, as for Sparks, the Court will not grant any relief at this time because Sparks has not been properly served with the complaint and summons pursuant to Rule 4 of the Federal Rules of Civil Procedure (and, thus, he cannot be expected to respond to the motion

---

[1] The Court is satisfied in each case that the motion was mailed to the correct address. EMBR was served with the summons and complaint via service upon its statutory agent, Cogency Global, Inc., at 850 Burton Road in Dover, Delaware. (Doc. 12.) Plaintiff's counsel's declaration indicates that the motion for expedited discovery was mailed to EMBR at the same address. (Doc. 16.) Meanwhile, Cannon was served with the summons and complaint via personal service upon Shannon Cannon, who is identified as "a person of suitable age and discretion who resides there," at Cannon's "residence or usual place of abode." (Doc. 9.) Although the "proof of service" document does not specifically identify the address were service took place (Doc. 9), the summons that is part of the docket indicates that service was to take place at a particular address in Queen Creek, Arizona (Doc. 4). Plaintiff's counsel's declaration indicates that the motion for expedited discovery was mailed to Cannon at the same address. (Doc. 16.)

for expedited discovery).² "Defendants must be served in accordance with Rule [4] of the Federal Rules of Civil Procedure, or there is no personal jurisdiction." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). *See also Berroteran v. Quirk & Tratos*, 2022 WL 4537741, *2 (D. Nev. 2022) ("A prerequisite to be able to 'plead or otherwise defend' in a civil action is adequate service.").

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's motion for expedited discovery (Doc. 14) is **denied as moot** as to Milton and M&M, **summarily granted in part** as to EMBR and Cannon, and **denied without prejudice** as to Sparks.

2. Plaintiff may propound to EMBR and Cannon the requests for production of documents that were attached as Exhibit A to the motion for expedited discovery.

3. EMBR and Cannon shall respond to Plaintiff's requests for production within 10 calendar days from service.

4. Plaintiff may take the deposition of Cannon any time after 15 calendar days from the date of this order.

Dated this 17th day of April, 2024.

Dominic W. Lanza
United States District Judge

---

² Although Plaintiff has presented evidence that the summons and complaint were mailed to Sparks and that Sparks received the mailing, "[s]ervice by mail is *not* among the methods authorized as a *federal* option under Rule 4(e)(2) [for service of an individual within the United States]. This is true for both regular mail and certified mail." 1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 4, at 57 (2022). Nor is service by mail a permissible method for serving an individual within Arizona under Arizona law. *See* Ariz. R. Civ. P. 4.1(d). Motions can be served via mail under Rule 5, but not until service of process brings that defendant within the Court's jurisdiction. *Nesbit v. Sunrise Restaurants*, 2023 WL 5498887, *1 (C.D. Cal. 2023) ("Federal Rule of Civil Procedure 5 . . . governs the service and filing of papers *after* a Defendant has been properly served with summons.").